# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS,<br><br>              Plaintiff,<br><br>   v.<br><br>CDCR,<br><br>              Defendant. | Case No. 1:17-cv-01599-SKO (PC)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE REGARDING UNTRUE ALLEGATION OF POVERTY IN PLAINTIFF'S APPLICATION TO PROCEED** *IN FORMA PAUPERIS*<br><br>**(Docs. 2, 5)** |

## **BACKGROUND**

Plaintiff, George E. Jacobs, is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983, which he filed on December 4, 2017. (Doc. 1.) Along with the Complaint, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). (Doc. 2.) Plaintiff's application contained certification from the Substance Abuse and Treatment Facility ("SATF") as well as a copy of Plaintiff's CDCR trust account statement. (*Id.*) Upon review, Plaintiff's trust account reflects an increase from ten-thousand dollars ($10,000) to over thirty-six-thousand dollars ($36,000) in the months prior to the date that he filed this action.

On December 11, 2017, an order issued for Plaintiff to show cause ("OSC") within twenty-one (21) days why this action should not be dismissed based on his untrue poverty allegation in his IFP application. (Doc. 5.) Plaintiff filed a timely response. (Doc. 7.) The Court accepts Plaintiff's explanation. The OSC is discharged and Plaintiff is ordered to pay the $400

1

filing fee in full and a statement withdrawing his IFP application.

**DISCUSSION**

**I.     Legal Standard**

As stated in the OSC, an indigent party may be granted permission to proceed *in forma pauperis* upon submission of an affidavit showing inability to pay the required fees.  28 USC § 1915(a).  The determination as to whether a plaintiff is indigent and therefore unable to pay the filing fee falls within the court's sound discretion.  *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (reversed on other grounds).  Proceeding "*in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).  The determination whether a party can proceed *in forma pauperis* is a "matter within the discretion of the trial court and in civil actions for damages should be allowed only in exceptional circumstances." *Weller v. Dickinson*, 314 F.2d 598, 600 (9th Cir. 1963).

"The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984), citing *Potnick v. Eastern State Hospital*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).  "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple*, 586 F. Supp. at 850, citing *Brewster v. North American Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

In Plaintiff's response to the OSC, he states that he honestly answered the questions on the IFP application form (including the sum of money in his account), that he has the money to pay the filing fee for this action, and will do so. (Doc. 7.)  Plaintiff alleges that he thought he had to file an IFP application with any new case that he filed since he has always done so in the past, and asks this Court for directions on how to make a payment using monies in his trust account.  (*Id.*)

//

This Court takes judicial notice[1] that Plaintiff has previously filed a number of actions in this Court, and proceeded IFP in all of them.[2]  The Court further notes that this is the only action Plaintiff has filed since receiving the sums which removed him from poverty for IFP purposes. Based on the foregoing, Plaintiff is granted opportunity to withdraw his errantly filed IFP application and to pay the filing fee in full.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that the Order to Show Cause, issued on December 11, 2017 (Doc. 5), is **WITHDRAWN** and **within twenty-one (21) days** of the date of service of this order, Plaintiff shall both pay the $400 filing fee in full[3] and file a statement withdrawing his application to proceed *in forma pauperis*, filed on December 4, 2017, (Doc. 2). **If Plaintiff fails to obey this order, recommendation will issue for this action to be dismissed based on Plaintiff's failure to obey the Court's order.**

IT IS SO ORDERED.

Dated:   **December 28, 2017**                              /s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] Judicial notice may be taken of undisputed matters of public record, including documents on file in federal or state courts.  Fed.Rules Evid.Rule 201, 28 U.S.C.A.; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (2012).

[2] *See Jacobs v. Hubbard*, 1:11-cv-00934-AWI-SKO (HC); *Jacobs v. Sullivan et al.*, 1:05-cv-01625-SAB (PC); *Jacobs v. Scribner, et al.*, 1:06-cv-01280-AWI-EPG (PC); *Jacobs v. Director of the California Department of Corrections et al.*, 1:09-cv-01369-LJO-GBC (PC); *Jacobs v. Woodford et al.*, 1:08-cv-00369-JLT (PC); *Jacobs v. Hernandez et al.*, 1:16-cv-00595-AWI-GSA (PC); *Jacobs v. CSR Reps et al.,* 1:16-cv-00791-DAD-MJS (PC); and *Jacobs v. Quinones et al.*, 1:10-cv-02349-AWI-JLT (PC).

[3] This Court is unable to instruct Plaintiff on how to obtain monies from his trust account to pay the filing fee as requested in his response to the OSC.  Plaintiff should inquire of prison personnel at the facility where he is housed for instructions in this regard.