UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| GEORGE E. JACOBS, | Case No.: 1:17-cv-01599-DAD-JLT (PC) |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO DISMISS ACTION** |
| v. | 21-DAY DEADLINE |
| CDCR, et al., | |
| Defendants. | |

George E. Jacobs alleges that the defendants failed to provide adequate medical care and subjected him to excessive force. (Doc. 23). In two screening orders, the Court cautioned Plaintiff that Federal Rule of Civil Procedure 20 prohibits him from bringing unrelated claims against unrelated parties in a single action.[1] (Doc. 14 at 4-5; Doc. 19 at 3, 5-6.) The Court further warned Plaintiff that his first amended complaint (FAC) was excessively long and violated Rule 8 and instructed him to make his second amended complaint (SAC) "as concise as possible." (Doc. 19 at 4.) The Court provided Plaintiff with the pleading requirements and legal standards for his alleged claims and granted him leave to amend. (*Id.*)

---

[1] Mr. Jacobs is well-aware of the pleading standards because the Court has given them to him at least one time in every case he has filed since 2005. *Jacobs v. Sullivan*, 1:05-cv-01625 AWI SAB (Doc. 21); *Jacobs v. Scribner*, 1:06-cv-01280 AWI EPG (Doc. 9); *Jacobs v. Director of the California Department of Corrections*, 1:09-cv-01369 LJO GBC (Doc. 6); *Jacobs v. Woodford*, 1:08-cv-00369 JLT (Doc. 6); *Jacobs v. Quinones*, 1:10-cv-02349 AWI JLT (Doc. 10); *Jacobs v. Hernandez*, 1:16-cv-00595 AWI GSA (Doc. 8); *Jacobs v. CSR Reps*, 1:16-cv-00791 DAD MJS (Doc. 15); *Jacobs v. CDCR*, 1:17-cv-01599 (Doc. 14)

Despite the Court's instructions and two opportunities to amend, Plaintiff again violates Rules 8 and 20 in his SAC. Accordingly, the Court finds that Plaintiff is unable to cure the deficiencies in his pleading, *see Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012), and recommends that this action be **DISMISSED**.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of

any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

Violations of Rule 8, at both ends of the spectrum, warrant dismissal. A violation occurs when a pleading says too little, *see Iqbal*, 556 U.S. at 678, and when it says too much, *see Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("we have never held—and we know of no authority supporting the proposition—that a pleading may be of unlimited length and opacity"); *see also McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal under Rule 8 for a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"), *and Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (affirming dismissal when complaints "exceeded 70 pages in length, were confusing and conclusory and not in compliance with Rule 8").

**B. Linkage and Causation**

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588

F.2d 740, 743 (9th Cir. 1978) (citation omitted).

**C. Federal Rules of Civil Procedure 18 and 20**

Federal Rule of Civil Procedure 18(a) allows a party asserting a claim for relief to "join, as independent or alternative claims, as many claims as it has against an opposing party." However, a plaintiff may not join unrelated claims against multiple defendants in a single action. *See* Fed. R. Civ. P. 20(a)(2); *see also Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) ("unrelated claims against different defendants belong in separate lawsuits"). A plaintiff may bring claims against more than one defendant only if (1) the claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all defendants. Fed. R. Civ. P. 20(a)(2); *see Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

**III. DISCUSSION**

Plaintiff lists fifteen causes of action against ten defendants for violations of the Cruel and Unusual Punishments Clause, including claims of excessive force and deliberate indifference to serious medical needs. (*See* Doc. 23 at 1, 19-54.) Based on the SAC's chronology of events, the Court categorizes Plaintiff's allegations into ten separate "transactions," "occurrences," or "series of transactions or occurrences":

1) events on November 13, 2015, relating to treatment of a lip laceration, (Doc. 23 at 13);
2) events from November 13, 2015, to about December 3, 2015, relating to treatment of a fractured humerus bone, (*id.* at 13-16);
3) events from about November 13, 2015, to about November 25, 2015, relating to conditions of confinement and general medical treatment, (*id.* at 14);
4) events from November 27, 2015, to December 3, 2015, and from December 5, 2015, to December 6, 2015, relating to conditions of confinement while Plaintiff was on suicide watch, (*id.* at 15-17);
5) events from December 4, 2015, to December 5, 2015, relating to Plaintiff being left in a vehicle while being transported from the hospital (where he received surgery to repair his fracture) back to Corcoran State Prison (CSP), (*id.* at 16);

6) events relating to Plaintiff being handcuffed while being transported from CSP to the hospital for surgery for a hernia, in violation of an order from his surgeon, (*id.* at 17);

7) events during unspecified dates, but after the handcuffing incident, relating to conditions of confinement and general medical treatment, (*id.*);

8) events on December 11, 2015, relating to Defendant Aye denying Plaintiff a soft meal diet while Plaintiff was suffering from a stomach virus, (*id.* at 18);

9) events on December 12, 2015, relating to Defendant Miranda denying Plaintiff pain medication, (*id.*).

**A. Plaintiff violates Federal Rules of Civil Procedure 8 and 20**

Plaintiff fails to state how the above transactions, occurrences, or series of transactions or occurrences are related. As stated in section II.C, *supra*, and as explained to Plaintiff in two screening orders, Plaintiff cannot bring claims based on unrelated events against multiple defendants in a single action without violating Rule 20. (*See* Doc. 14 at 4-5 *and* Doc. 19 at 5-6.) "[U]nrelated claims against different defendants belong in separate lawsuits." *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). The fact that most of Plaintiff's causes of action are based on the same constitutional violation (i.e., deliberate indifference to medical needs under the Eighth Amendment) does make the claims related for purposes of Rule 20. *See Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013) (allegations "that Defendants violated the same laws in comparable ways" is insufficient to satisfy Rule 20). In its last screening order, the Court stated that it would provide only more opportunity for Plaintiff to comply with Rule 20. (Doc. 19 at 3.) Plaintiff again fails to do so.

Plaintiff additionally violates Rule 8. In its prior screening order, the Court explicitly found that Plaintiff's FAC was excessively lengthy and ordered Plaintiff to make his SAC "as concise as possible." (Doc. 19 at 4). Nonetheless, Plaintiff's SAC is more than 20 pages *longer* than his FAC, and his fifteen causes of action are replete with redundancy, legal jargon, and conclusory statements. (*See* Doc. 24 at 19-59.) The Court declines to expend its limited resources parsing through Plaintiff's 48-page complaint to try to make out a cognizable claim when Plaintiff neglects to comply with the Court's directives. The Court thus recommends dismissal for

violation of Rule 8 and for failure to obey the Court's orders.

## IV. CONCLUSION AND RECOMMENDATION

Despite the Court's orders and multiple opportunities to amend his pleading, Plaintiff violates Federal Rules of Civil Procedure 8 and 20 in his second amended complaint. Because Plaintiff's SAC suffers from the same deficiencies as prior complaints, the Court finds that further amendment would be futile. Accordingly, the Court **RECOMMENDS** that this action be dismissed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**December 13, 2019**__       _____**/s/ Jennifer L. Thurston**_____
                                                     UNITED STATES MAGISTRATE JUDGE