UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS, | No. 1:17-cv-01599-DAD-JLT (PC) |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION |
| CDCR, et al., | |
| Defendants. | (Doc. No. 25) |

Plaintiff George E. Jacobs is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 21, 2018, the assigned magistrate judge issued a screening order pursuant to 28 U.S.C. § 1915A(a), finding that plaintiff had failed to state a claim upon which relief may be granted and providing plaintiff with an opportunity to amend his complaint. (Doc. No. 14.) In the screening order, the magistrate judge informed plaintiff that, pursuant to Federal Rule of Civil Procedure 20, he may not bring unrelated claims against multiple defendants in a single lawsuit. (*Id.* at 4–5.) The screening order outlined the pleading requirements under Federal Rules of Civil Procedure 8(a), 18(a) and 20(a)(2) that plaintiff was required to follow in any amended complaint he elected to file. (*Id.* at 2–5.) The screening order also outlined the legal standards applicable to the claims that plaintiff appears to be attempting to assert in his complaint, including claims under

1

the Eighth Amendment for deliberate indifference to serious medical needs, state law claims under the California Government Tort Claims Act, claims involving supervisor liability, and claims implicating Eleventh Amendment immunity.  (*Id.* at 5–10.)

Plaintiff filed a first amended complaint ("FAC") on December 10, 2018.  (Doc. No. 18.)  On May 2, 2019, the assigned magistrate judge issued a second screening order, finding that plaintiff's FAC failed to comply with Federal Rules of Civil Procedure 18 and 20.  (Doc. No. 19.)  The magistrate judge further found that the amended complaint was excessively long and violated Federal Rule of Civil Procedure 8.  (*Id.* at 3–4.)  The magistrate judge again granted plaintiff leave to amend, instructing him that, "[i]f he [chose] to file a second amended complaint, [he] shall make it as concise as possible," and that he "must allege in specific terms how each named defendant is involved" in any alleged deprivation of plaintiff's constitutional rights.  (*Id.* at 4, 11–12.)  In that second screening order, the magistrate judge again provided guidance to plaintiff on the pleading requirements and cautioned that "[t]his is the last opportunity Plaintiff will be provided to comply with Rules 18 and 20."  (*Id*. at 3, 11.)  Moreover, the second screening order warned that "[i]f Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim."  (*Id*. at 12.)

Plaintiff filed a second amended complaint ("SAC") on August 14, 2019.  (Doc. No. 23.)  On December 13, 2019, the assigned magistrate judge issued findings and recommendations, finding that plaintiff's SAC again violates Rules 8 and 20, and recommending this action be dismissed due to plaintiff's failure to comply with the court's orders.  (Doc. No. 25.)  In the pending findings and recommendations, the magistrate judge categorized Plaintiff's allegations into nine distinct "transactions," "occurrences," or "series of transactions or occurrences," and found that they were unrelated for purposes of Rule 20.  (*Id.* at 4–5.)  The magistrate judge also found that plaintiff's SAC was more than 20 pages longer than the FAC and "his fifteen causes of action are replete with redundancy, legal jargon, and conclusory statements," despite the magistrate judge's screening orders outlining Rule 8's pleading requirements and instructing plaintiff to make any amended complaint as concise as possible.  (*Id.* at 5–6.)  In light of plaintiff's repeated failure to comply with the pleading requirements under the Federal Rules of Civil Procedure,

2

despite extensive guidance and direction from the court in this regard, the magistrate judge found that plaintiff's SAC suffers from the same deficiencies as his prior complaints, and amendment would be futile. (*Id.*) Accordingly, the magistrate judge recommended this action be dismissed. (*Id.* at 6.)

The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.*) On March 16, 2020, after receiving two extensions of time to do so, plaintiff filed objections to the pending findings and recommendations. (Doc. No. 31.)

In his objections, plaintiff admits that "his first complaint was written very badly" but states that he is "confused as to what the issue is with his complaint," and he does not "see any procedural defects with his complaint in violation of [Rules] 8(a), 18, or 20." (Doc. No. 31 at 2.)

First, plaintiff states in his objections that he is confused about why the length of his SAC (40 handwritten pages) is an issue, particularly because he has filed complaints in his other civil cases that were just as long or longer. (*Id.* at 2.) Plaintiff contends that this action should not be dismissed just because his SAC is lengthy. (*Id.*) The undersigned does not interpret the pending findings and recommendations as recommending dismissal of this action based solely on the length of plaintiff's SAC, but rather that because plaintiff has failed to comply with Rule 8 and the court's prior screening orders, the magistrate judge was not able to parse through plaintiff's SAC to determine whether he has sufficiently stated any cognizable claims against any of the named defendants. Plaintiff also interpreted the pending findings and recommendations as recommending dismissal because "plaintiff cited too many causes of action." (*Id.* at 3.) But the magistrate judge did not find that the *number* of causes of action warranted dismissal of plaintiff's SAC. Rather, the issue with plaintiff's various causes of action is that they "are replete with redundancy, legal jargon, and conclusory statements." (Doc. No. 25 at 5.)

Second, plaintiff argues that the magistrate judge screened his SAC pursuant to 28 U.S.C. § 1915A, but the recommendation to dismiss plaintiff's SAC is not based on any of the enumerated grounds for dismissal stated in 28 U.S.C. § 1915A(b)—that is, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. (*Id*. at 5) (citing 28 U.S.C. § 1915A(b)). According to plaintiff, the magistrate judge could only have recommended dismissal of his SAC based on one of those enumerated grounds, not based on a failure to comply with Rules 8(a), 18, or 20. (*Id*. at 5.) Plaintiff is mistaken. A complaint may be dismissed due to failure to comply with a court order or failure to comply with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 41(b); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("the district court did not abuse its discretion in dismissing the entire complaint for violation of Rule 8 and of the court's orders"); *Knapp v. Harrison*, No. CV 06-7702-JVS(RC), 2008 WL 4334683, at *1 (C.D. Cal. Sept. 12, 2008) (finding that a second amended complaint failed to comply with Rule 8 and dismissing action with prejudice under Rule 41(b)).

Third, plaintiff contends that the magistrate judge's reasons for recommending dismissal of his SAC—that plaintiff may not join unrelated claims against multiple defendants in a single action and that he fails to show how the alleged occurrences are related—are misguided and contrary to law. (*Id*. at 8.) However, plaintiff cites only to case law regarding proper pleading of alternative legal theories of recovery based on the same set of circumstances. (*Id*. at 8.) None of plaintiff's arguments, or the legal authority he cites in support thereof, call into question the magistrate judge's analysis of whether plaintiff's SAC complied with the requirements of Rules 18 and 20. Plaintiff states that his SAC "has 8 defendants and 15 causes of actions [sic] all arising from a single event, plaintiff's broken arm & ensuing medical treatment thereafter which expanded to a 5 month stay in the prison's medical facility, resulting in injuries still present to this day."[1] (*Id*. at 3.) Plaintiff further contends that joinder is proper in this case because: all of

---

[1] Plaintiff believes the magistrate judge misstated the number of defendants named in plaintiff's SAC as ten defendants, because he contends that he only listed 8 defendants therein. (Doc. No. 31 at 11.) The undersigned has reviewed the SAC and agrees with the magistrate judge that plaintiff has in fact named ten defendants: (1) CDCR; (2) Clark, Chief Medical Officer of CSP-Corcoran; (3) K. Aye, Chief Physician and Surgeon at CSP-Corcoran; (4) Miranda, L.V.N. Technician at CSP-Corcoran; (5) John Doe # 1, Chief Mental Health Services Doctor employed by CDCR; (6) Jane Doe # 1, custodial officer employed by CDCR; (7) Sgt. John Doe # 2, custodial officer employed by CDCR; (8) John Doe # 3, custodial officer employed by CDCR to transport prisoners for medical care; (9) John Doe # 4, custodial officer employed by CDCR to transport prisoners for medical care; and (10) John Doe # 5, Physician Doctor at CSP-Corcoran. (*See* Doc. No. 23 at 9–12.) The fact that plaintiff believes that he only listed 8 defendants

the alleged occurrences "transpired at CSP-Corcoran – long term housing infirmary, where plaintiff was situated due to the severity of his injury from November 13, 2015–May 2016"; all defendants were "employees at CSP-Corcoran and assigned to their post" in the infirmary; and "plaintiff came in contact with these defendants on a daily basis." (*Id*. at 9.)  Plaintiff argues that even if there is a misjoinder of the parties in his SAC, the court should "drop a party" or "sever a claim against a party, but not dismiss the action." (*Id*. at 9) (citing Fed. R. Civ. P. 21)).

Despite plaintiff's assertion that all of his claims arise from the single event of his broken arm, plaintiff does not actually show how all of the alleged occurrences are related.  For example, it was unclear to the magistrate judge, and remains unclear to the undersigned as it would to anyone reading the SAC, how plaintiff's broken arm is related to his lip laceration, or to his being handcuffed while he was transported to the hospital for his hernia surgery, or to his being denied a soft diet when he was suffering from a stomach virus.  Moreover, as far as the undersigned can discern from the SAC, different defendants were involved in each of these alleged occurrences.  Thus, the undersigned agrees with the magistrate judge's findings that plaintiff has improperly joined claims and defendants in violation of Rules 18 and 20.  The undersigned also agrees with the caution given to plaintiff in the second screening order that "[t]he fact that all of Plaintiff's allegations are based on the same type of constitutional violation (i.e. deliberate indifference to different medical needs) does not make claims related for purposes of Rule 18(a)." (Doc. No. 19 at 6.)  Although plaintiff is correct that under Rule 21, "[m]isjoinder of parties is not a ground for dismissing an action," and "the court may at any time, on just terms, add or drop a party" and "may also sever any claim against a party," plaintiff's failure to comply with Rule 8 makes that approach impractical; it is not possible to discern which defendant(s) to drop and/or which claims to sever.  Plaintiff's SAC does not clearly identify which of the many named defendants he brings each of his fifteen causes of action against.  In addition, the titles of plaintiff's various the causes of action do not provide any clarity because many of those causes of action have identical titles.

---

supports this court's determination that plaintiff's SAC violates Rule 8 and lacks sufficient clarity, making it difficult to discern against which defendant plaintiff is attempting to bring each of his various claims.

In sum, plaintiff's objections do not provide any basis upon which to reject the pending findings and recommendations. In addition, under the circumstances of this case as outlined above, it is apparent that granting further leave to amend would be futile because plaintiff has no intention of curing the deficiencies that have been pointed out to him in great detail by the screening orders.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on December 13, 2019 (Doc. No. 25) are adopted;
2. This action is dismissed due to plaintiff's failure to obey a court order and failure to comply with Federal Rules of Civil Procedure 8 and 20; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **April 22, 2020**

UNITED STATES DISTRICT JUDGE